**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

JUAN CARLOS GIL,

        CASE:

     Plaintiff,

 v.

GENTING NEW YORK LLC, a Delaware
limited liability company, d/b/a Resorts
World New York City; HYATT HOTELS
CORPORATION; and THE NEW
YORK RACING ASSOCIATION, INC.,
a New York corporation, d/b/a Aqueduct
Racetrack,

     Defendants.

_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, on behalf of himself and all other persons similarly situated ("Plaintiff"), hereby sues, GENTING NEW YORK, LLC d/b/a Resorts World New York City ("Resorts World"); HYATT HOTELS CORPORATION ("Hyatt"); and THE NEW YORK RACING ASSOCIATION, INC. d/b/a Acqueduct Racetrack ("Acqueduct") (Resorts World, Hyatt, and Acqueduct, together "Defendants") and as grounds alleges:

<u>INTRODUCTION</u>

1.      Plaintiff suffers optic nerve damage, is legally blind, suffers from cerebral palsy, is unable to walk, and is confined to a wheelchair. Therefore, Plaintiff is substantially limited in performing one or more major life activities, including (but not limited to) accurately visualizing his world and adequately traversing obstacles.

2.      This is an action for injunctive and declaratory relief, attorneys' fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans

with Disabilities Act of 1990, as amended, 42 U.S.C. § 12181, et seq., (the "ADA") and the regulations implementing the ADA set forth in 28 C.F.R. §§ 36.201 and 36.302.

3.    Plaintiff also brings state law claims under New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law sec. 290 *et. seq*.), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*. (the "City Law").

<u>JURISDICTION AND VENUE</u>

4.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

6.    The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.    At all times material, Defendants owned, leased, and/or operated one or more Commercial Property(ies) located at 110-00 Rockaway Blvd., Jamaica, New York 11420 (hereinafter the "Commercial Property").

8.    Defendant Resorts World owns and/or operates, *inter alia*, a casino and a hotel at the Commercial Property, which it holds out to the public as "Resorts World New York City" and/or "Hyatt Regency JFK Airport at Resorts World New York City."

9.    Defendant HYATT HOTELS CORPORATION owns and/or operates, i*nter alia*, a hotel at the Commercial Property, which it holds out to the public as "Hyatt Regency JFK Airport at Resorts World New York City."

10.    Defendant Aqueduct owns and/or operates, *inter alia*, a racetrack at the

2

Commercial Property, which it holds out to the public as "Aqueduct Racetrack."

11.     Venue is properly located in the Eastern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in the State of New York in Jamaica, Queens County, New York.

12.     Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Jamaica, Queens County area. The Defendants regularly conduct business within Jamaica, Queens County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Jamaica, Queens County area.

## THE PARTIES

13.     Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

14.     Plaintiff is legally blind and a member of a protected class under the ADA,  42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

15.     Defendant GENTING NEW YORK LLC ("Resorts World") is a limited liability company organized and existing under the laws of the State of Delaware, and authorized to do business in the State of New York.

16.     Defendant HYATT HOTELS CORPORATION ("Hyatt") is a corporation organized and existing under the laws of the State of Delaware, and authorized to do business in the State of New York.

17.     Defendant THE NEW YORK RACING ASSOCIATION, INC. ("Aqueduct") is a corporation organized and existing under the laws of the State of New York.

FACTUAL ALLEGATIONS

18.    Plaintiff, who currently resides in Florida, travels to New York to, among other things, visit horse tracks/casinos; meet with friends who live in and around the New York metropolitan area; attend the New York City Marathon; and attend various conventions, conferences and meetings to advance the rights of the disabled. So far this year, Plaintiff has traveled to New York around five times.

19.    Plaintiff is strongly interested in horse racing and casinos, which is offered at the Commercial Property including under the names "Resorts World" and/or "Aqueduct." The Commercial Property is unique, as the Aquaduct Racetrack is the only racetrack located within New York City limits, has its own subway station and, upon information and belief, it is one of only two horse racing/casinos close to the New York City area.

20.    The Commercial Property also has significant history. As just a few examples, Aqueduct Racetrack hosted the Belmont Stakes from 1963 to 1968; the famous racehorse Secretariat was retired at the Aqueduct Racetrack on November 6, 1973; the second ever Breeders' Cup was run on the track on November 2, 1985; and a majority of the winners of Aqueduct Racetrack's Wood Memorial Stakes have gone on to the Kentucky Derby the following month.

21.    Plaintiff has visited the Commercial Property around 5-6 times, including while he was in New York for the New York City Marathon. For example, Plaintiff visited the Commercial Property around October 2023, May 2024, and August 2024, as well as a number of times prior to October 2023.

22.    Plaintiff intends to return to the Commercial Property in November 2024 during the time he plans to be in New York for the New York City Marathon. Plaintiff intends to visit

the Commercial Property more frequently after Defendants make the Commercial Property readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA.

**COUNT I – ADA VIOLATIONS**
(against Defendants Resorts World and Hyatt)

23.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.    Defendants Resorts World and Hyatt have discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

25.    Defendants Resorts World and Hyatt have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiff encountered during his visits to the Commercial Property includes, but is not limited to, the following:

A.    Parking and Exterior Accessible Routes (Garage Parking – Resorts World and Hyatt)

    i.    Accessible spaces are not at least 8 feet wide with access aisles at least 5 feet wide, violating Section 505 of the 2010 ADA Standards for Accessible Design.

    ii.    Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards for Accessible Design.

    iii.    Accessible spaces lack signs at least 60 inches above ground that includes the ISA, violating Section 502.6 of the 2010 ADA Standards for Accessible Design.

    iv.    Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards for Accessible Design.

v.   Accessible spaces are not located on the nearest most direct accessible route to accessible entrance(s), in violation of Section 208.3.1 of the 2010 ADA Standard for Accessible Design.

B.   <u>Parking and Exterior Accessible Routes (Surface Parking Lot – Resorts World and Hyatt)</u>

i.   Accessible spaces are not at least 8 feet wide with access aisles at least 5 feet wide, violating Section 505 of the 2010 ADA Standards for Accessible Design.

ii.   Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards for Accessible Design.

iii.   Curb ramp contains a counter slope greater than 11%, violating, Section 406.2 of the 2010 ADA Standards for Accessible Design.

iv.   Curb ramp protrudes into the street, violating Section 406 of 2010 ADA Standards for Accessible Design.

v.   Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards for Accessible Design.

vi.   Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards for Accessible Design.

vii.   Accessible spaces lack signs at least 60 inches above ground that includes the ISA violating Section 502.6 of the 2010 ADA Standards for Accessible Design.

C.   <u>Ramps and Entrance Access (Exterior Route – Resorts World and Hyatt)</u>

i.   Ramps contain running slopes greater than 1:12, violating Section 405.2 of the 2010 ADA Standards for Accessible Design.

ii.   The accessible ramp has a rise higher than 6 inches and does not provide handrails on both sides, violating Section 405.8 of the 2010 ADA Standards for Accessible

Design.

D. <u>Signs, Doors & Controls (Resorts World/Casino)</u>

   i. Operable parts of the casino machines, including but not limited to ATMs and slot machines, are greater than 48 inches above the floor, violating Section 309.2 and 309.3 of the 2010 ADA Standards.

E. <u>Tables, Counters, & Lines (Resorts World)</u>:  Seating and tables violate Section 902 of the 2010 of the 2010 ADA Standards.  Specifically:

i. Dining tables in the food court and common areas lack proper toe and knee clearances, violating Section 902 of the 2010 of the 2010 ADA Standards.

ii. Writing surfaces are > 34" above the floor, violating Section 902 of the 2010 of the 2010 ADA Standards.

iii. Bar counters and games in the casino are not accessible and fail to comply with the ADA's minimum and/or maximum requirements pursuant to Section 226.1 of the 2010 ADA Standards for Accessible Design

F. <u>Tables, Counters, & Lines (Hyatt)</u>

i. The charging tables lack proper knee clearance, violating Section 902 of the 2010 ADA Standards for Accessible Design.

ii. The tables lack proper toe clearance, violating Section 902 of the 2010 ADA Standards for Accessible Design.

G. <u>Toilet Rooms (Hyatt – Lobby/Common)</u>

i. Door lacks proper maneuvering clearance, violating 2010 ADA Standards Section 404.2.4.

ii.     Side grab Grab bar extends < 54" from rear wall, violating Section 604.5 of the 2010 ADA Standards.

iii.    Maneuvering clearance for door fails to comply with Section 604.8.1.2 of the 2010 ADA Standards.

iv.     Door lacks pulls on both sides of the door operable with one hand and not requiring tight grasping, pinching or twisting of the wrist, in violation of Section 604.8.1.2 of the 2010 ADA Standards.

v.      Urinal height greater than maximum hight from the floor in violation of Section 605 of the 2010 ADA Standards.

vi.     Reflecting surface of a mirror over a lavatory or countertop is higher than 40 inches above the floor, violating Section 603.3 of the 2010 ADA Standards for Accessible Design.

vii.    Coat hook is less than 15 inches or greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standards for Accessible Design.

viii.   Pipes below the lavatory are not insulated or otherwise configured to protect against contact, in violation of Section 606.5 of the 2010 ADA Standards for Accessible Design.

ix.     Hand dryer or towel dispenser operable parts over maximum height in violaton of Section 308.2 of the 2010.

x.      Minimum clearance around the water closet is not provided, violating Section 604.3.1 of the 2010 ADA Standards for Accessible Design.

xi.     Lavatory or counter surface is more than 34 inches above the floor, violating Section 606.3 of the 2010 ADA Standards for Accessible Design.

xii.   The centerline of the water closet is less than 16 inches or greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design.

xiii.   Door is not self-closing, in violation of Section 604.8.1.2 of the 2010 ADA Standards.

H.  Toilet Rooms (Resorts World/Casino)

i.   Lavatory or counter surface is more than 34 inches above the floor, violating Section 606.3 of the 2010 ADA Standards for Accessible Desig.

ii.   The centerline of the water closet is greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design.

iii.    Side grab bar fails to comply with Section 604.5 of the 2010 ADA Standards due to loose fitting on side grab bar.

iv.   Toilet door is not self-closing, violating Section 604.8.1.2 of the 2010 ADA Standards.

v.   Coat hook is less than 15 inches or greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standard for Accessible Design.

vi.   Lavatory or counter surface is more than 34 inches above the floor, violating Section 606.3 of the 2010 ADA Standards for Accessible Design.

I.  Hotel Guest Rooms (Resorts World/Hyatt)

i.   Doors for room entry, bathroom, and other doorways fail to comply with Section 404.2 of the 2010 ADA Standards for Accessible Design.

ii.   Guest room sink greater than 34" above the floor in violation of 2010 ADA Accessible Design Standards Section 606.

iii.     Roll-In shower compartment lacks specifications required by Section 608 of the 2010 ADA Standards.

iv.     Work surface > 40" AFF violates Sections 902 and 308 of the 2010 ADA Standards.

<u>Relief Sought and the Basis</u>

26.     The discriminatory violations described in this Complaint are not an exclusive list of Defendants Resort Worlds' and Hyatt's ADA violations. Plaintiff requests an inspection of Defendant Resort Worlds' and Hyatt's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

27.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants Resort Worlds' and Hyatt's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants Resort Worlds and Hyatt because of their ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant Resort Worlds' and Hyatt's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28.    Defendants Resort Worlds and Hyatt have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants Resort Worlds and Hyatt continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants Resorts World and Hyatt pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.    A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant Resort Worlds' and Hyatt's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.    Notice to Defendant Resort Worlds and Hyatt is not required as a result of the Defendants Resort Worlds's and Hyatt's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiff or waived by Resort Worlds and Hyatt.

32.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants Resort Worlds and Hyatt operate its business(es), located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant Resort Worlds cures its violations of the ADA.

33.    Plaintiff prays for judgment as set forth below.

**COUNT II**
**VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**
(against Defendants Resorts World and Hyatt)

34.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 33 above as though fully set forth herein.

35.    This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

36.    More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –

(i)    Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

37.    Defendants Resorts World and Hyatt, either themselves or by and through a third party, implemented, operates, controls and or maintains websites for the Commercial Property which contains an online reservations system. These website(s) are located at https://rwnewyork.com/hotel/ and https://www.hyatt.com/hyatt-regency/en-US/jfkrj-hyatt-regency-jfk-airport-at-resorts-world-new-york, among others. This term also includes all other websites owned and operated by Defendants Resorts World and Hyatt or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites") The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28

C.F.R. Section 36.302(e).

38.    Prior to the commencement of this lawsuit, Plaintiff visited these websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

39.    In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

40.    In the near future, including as set forth above, Plaintiff intends to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

41.    Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless he is willing to suffer additional discrimination.

42.    The violations present at Defendants Resorts World's and Hyatt's Websites infringe Plaintiff's right to travel free of discrimination and deprive his of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants Resorts World's and Hyatt's website. By continuing to operate the websites with discriminatory conditions, Defendants Resorts World and Hyatt contribute to Plaintiff's sense of isolation and

segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants Resorts World and Hyatt Websites, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. By maintaining websites with violations, Defendants Resorts World and Hyatt deprive Plaintiff the equality of opportunity offered to the general public. Defendants Resorts World's and Hyatt's online reservations system(s) serve as a gateway to its hotel. Because such online reservations system(s) discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

43.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants Resorts World's and Hyatt's discrimination until they are compelled to modify the Websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject Websites remain in compliance.

44.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants Resorts World's and Hyatt's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants Resorts World and Hyatt.

45.     The Defendants Resorts World and Hyatt have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject websites.

46.     The Plaintiff and all others similarly situated will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

47.    Defendants Resorts World and Hyatt have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants Resorts World and Hyatt continue to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

48.    Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

49.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants Resorts World and Hyatt to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendants Resorts World and Hyatt cure their violations of the ADA.

50.    Plaintiff prays for judgment as set forth below.

**COUNT III**
**VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**
(against Defendants Resorts World and Hyatt)

51.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 50 above as though fully set forth herein.

52.    N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, resort or amusement, because of the . . . disability. . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

53.    The Commercial Property is a "place of public accommodation, resort or amusement" within the definition of N.Y. Exec. Law § 292(9).

54.    Defendants Resorts World and Hyatt are subject to the New York Human Rights Law because they own and/or operate the Commercial Property. Defendants Resorts World and Hyatt are each a person within the meaning of N.Y. Exec. Law. § 292(1).

55.    Defendants Resorts World and Hyatt are violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the Commercial Property, causing the Commercial Property to be inaccessible to Plaintiff. This inaccessibility denies Plaintiff and other disabled patrons the full and equal access to the facilities, goods and services that Defendants make available to the non-disabled public.

56.    Under New York's Human Rights Law, unlawful discriminatory practice includes, among other things, a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that

making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

57.    Defendants Resorts World's and Hyatt's actions constitute willful and intentional discrimination against Plaintiff on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(2) in that it has failed to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its facilities at the Commercial Property.

58.    The modifications necessary to remedy the discrimination would not fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

59.    Defendants Resorts World and Hyatt have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

60.    As such, Defendants Resorts World and Hyatt discriminate, and will continue in the future to discriminate, against Plaintiff and other similarly situated on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the Commercial Property under N.Y. Exec. Law § 296(2) *et seq*. and/or its implementing regulations. Unless the Court enjoins Defendants Resorts World and Hyatt from continuing to engage in these unlawful practices, Plaintiff and other similarly situated will continue to suffer irreparable harm.

61.    The actions of Defendants Resorts World and Hyatt were and are in violation of the New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination. Plaintiff is entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law § 297(4)(c) et seq. for each and every offense, and is also entitled to reasonable attorneys' fees and costs.

62.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

### COUNT IV – VIOLATIONS OF NEW YORK'S CITY LAW
(against Defendant Resorts World and Hyatt)

63.     Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 62 above as though fully set forth herein.

64.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

65.     The Commercial Property is a place or provider of public accommodation within the definition of N.Y.C. Administrative Code § 8-102.

66.     Defendants Resorts World and Hyatt are subject to the City Law because they owns and/or operate the Commercial Property. Defendants Resorts World and Hyatt are each a person within the meaning of N.Y.C. Administrative Code § 8-102.

67.     Defendants Resorts World and Hyatt are violating N.Y.C. Administrative Code § 8-107(4) in refusing to update or remove access barriers to the Commercial Property, causing the Commercial Property to be inaccessible to Plaintiff and persons similarly situated. This inaccessibility denies such patrons full and equal access to the facilities, goods, and services that Defendants Resorts World and Hyatt make available to the non-disabled public. Specifically, Defendants Resorts World and Hyatt are required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a

person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107.

68.    Defendants Resorts World's and Hyatt's actions constitute willful intentional discrimination against Plaintiff on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that they have failed to remove/correct the existing architectural barriers to the physically disabled when such removal/correction is readily achievable for the facilities at the Commercial Property.

69.    Defendants Resorts World and Hyatt have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

70.    Defendants Resorts World and Hyatt discriminate, and will continue in the future to discriminate, against Plaintiff and other similarly situated on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the Commercial Property under N.Y.C. Administrative Code § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants Resorts World and Hyatt from continuing to engage in these unlawful practices, Plaintiff and other similarly situated will continue to suffer irreparable harm.

71.    The actions of Defendants Resorts World and Hyatt were and are in violation of the City Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

72.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

73.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

74.    Pursuant to N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) and the

remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## COUNT V – ADA VIOLATIONS
(against Defendant Aqueduct)

75.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

76.    Defendant Aqueduct has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

77.    Defendant Aqueduct has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiff encountered during his visits to Aqueduct's Commercial Property includes, but is not limited to:

A.  Parking and Exterior Routes:

    i.    Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards for Accessible Design.

    ii.    Accessible spaces are not located on the nearest most direct accessible route to accessible entrance(s), in violation of Section 208.3.1 of the 2010 ADA Standards for Accessible Design.

    iii.    The cross slope on the exterior accessible route is steeper than 1:48, violating Section 403.3 of the 2010 ADA Standard for Accessible Design.

    iv.    Accessible parking was reserved for Horsemen on race day.

B.  Interior Accessible Routes (Aqueduct):

    i.    All public interior spaces are not an accessible routes, violating 206.2.4 of the 2010

ADA Standards for Accessible Design.

C. Elevators & Lifts (Aqueduct)

    i.    Elevator car controls fail to comply with Section 4074.6.1 of the 2010 ADA Standards for Accessible Design.

    ii.    Elevator car control buttons are not designated with raised characters and the designated Braille, violating Section 407.4.7.1 of the 2010 ADA Standards for Accessible Design.

    iii.    Elevator is not self-leveling violating Section 407.4.4 of the 2010 ADA Standards for Accessible Design.

D. Signs, Doors & Controls

    i.    Doors lacks proper maneuvering clearance, violating Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

E. Seating & Benches

    i.    Assembly areas, including exterior benches and spectator seats, do not provide an adequate number of wheelchair spaces, violating Section 22.2.1 of the 2010 ADA Standards for Accessible Design.

    ii.    At least 5% but no fewer than one, of seating and standing spaces accessible for people who use wheelchairs are not provided, violating Section 226.1, of the 2010 ADA Standards for Accessible Design.

F. Tables, Counters & Lines (Aqueduct)

    i.    Seating and tables at Silks are inaccessible, violating Section 902 of the 2010 ADA Standards for Accessible Design.

    ii.    Dining tables lack proper clear width, violating Section 902 of the 2010 ADA

Standards for Accessible Design.

   iii.   Writing and work surfaces are greater than 34" above the floor, violating Section 902 of the 2010 ADA Standards for Accessible Design.

   iv.   Interior Seating and dining tables overlooking the track lack proper toes clearance, violating Section 902 of the 2010 ADA Standards for Accessible Design.

   v.   Dining counters and bars fail to comply with Section 226.1 of the 2010 ADA Standards for Accessible Design.

   vi.   Check writing surface is less than 28 inches or greater than 34 inches above the floor, violating Section 904.3.3 of the 2010 ADA Standards for Accessible Design.

G.  <u>Restrooms (Aqueduct)</u>

   i.   There are not signs at inaccessible toilet rooms that give directions to accessible toilet rooms, violating Section 216.8 of the 2010 ADA Standards for Accessible Design.

   ii.   Lavatory lacks proper clear floor space for a forward approach at least 30 inches wide and 48 inches long, violating Section 606.2 of the 2010 ADA Standards for Accessible Design.

   iii.   Pipes below the lavatory are not insulated or otherwise configured to protect against contact, in violation of Section 606.5 of the 2010 ADA Standards for Accessible Design.

   iv.   Hand dryer or towel dispenser operable parts are greater than the maximum allowed 44 inches above the floor, in violation of Section 308.2 of the 2010 ADAS.

   v.   Side grab bar fails to comply with Section 604.5 of the 2010 ADA Standards for Accessible Design.

vi.     Door is not self-closing, violating Section 604.8.1.2 of the 2010 ADA Standards.

vii.    Urinals are above 17 inches from the floor, violating Section 605 of the 2010 ADAS Standards.

viii.   Lavatory lacks proper clear floor space for a forward approach at least 30 inches wide and 48 inches long, violating Section 606.2 of the 2010 ADA Standards for Accessible Design.

ix.     Lavatory lacks proper knee clearance, violating Section 306.3 of the 2010 ADA Standards.

x.      Hand dryer or towel dispenser fail to comply with Section 308.2 of the 2010 ADA Standards.

H.  <u>Additional Elements (Aqueduct)</u>

i.      Clear floor space for a forward approach extends under the drinking fountain less than 17 inches or greater than 25 inches, violating Section 306.2 of the 2010 ADA Standards.

<u>Relief Sought and the Basis</u>

78.     The discriminatory violations described in this Complaint are not an exclusive list of Defendant Aqueduct's ADA violations. Plaintiff requests an inspection of Defendant Aqueduct's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

79.    The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant Aqueduct's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendant Aqueduct because of the Defendant Aqueduct's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant Aqueduct's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

80.    Defendant Aqueduct has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant Aqueduct continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

81.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and

all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

82.    A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant Aqueduct's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

83.    Notice to Defendant Aqueduct is not required as a result of the Defendant Aqueduct's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiff or waived by Aqueduct.

84.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant Aqueduct operates its business(es), located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant Aqueduct cures its violations of the ADA.

85.    Plaintiff prays for judgment as set forth below.

## COUNT VI
## VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW
(against Defendant Aqueduct)

86.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22, and 75 through 85, above as though fully set forth herein.

87. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, resort or amusement, because of the . . . disability. . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

88. The Commercial Property is a "place of public accommodation, resort or amusement" within the definition of N.Y. Exec. Law § 292(9).

89. Defendant Aqueduct is subject to the New York Human Rights Law because it owns and/or operates the Commercial Property. Defendant Aqueduct is a person within the meaning of N.Y. Exec. Law. § 292(1).

90. Defendant Aqueduct is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to the Commercial Property, causing the Commercial Property to be inaccessible to Plaintiff. This inaccessibility denies Plaintiff and other disabled patrons the full and equal access to the facilities, goods and services that Defendants make available to the non-disabled public.

91. Under New York's Human Rights Law, unlawful discriminatory practice includes, among other things, a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

92. Defendant Aqueduct's actions constitute willful and intentional discrimination against Plaintiff on the basis of a disability in violation of the New York State Human Rights

Law, N.Y. Exec. Law § 296(2) in that it has failed to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its facilities at the Commercial Property.

93.     The modifications necessary to remedy the discrimination would not fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

94.     Defendant Aqueduct has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

95.     As such, Defendant Aqueduct discriminates, and will continue in the future to discriminate, against Plaintiff and other similarly situated on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the Commercial Property under N.Y. Exec. Law § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant Aqueduct from continuing to engage in these unlawful practices, Plaintiff and other similarly situated will continue to suffer irreparable harm.

96.     The actions of Defendant Aqueduct were and are in violation of the New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination. Plaintiff is entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law § 297(4)(c) et seq. for each and every offense, and is also entitled to reasonable attorneys' fees and costs.

97.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

### <u>COUNT VII – VIOLATIONS OF NEW YORK'S CITY LAW</u>
(against Defendant Aqueduct)

98.     Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22,

and 75 through 97 above as though fully set forth herein.

99.    N.Y.C. Administrative Code § 8-107(4)(a) provides that "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

100.    The Commercial Property is a place or provider of public accommodation within the definition of N.Y.C. Administrative Code § 8-102.

101.    Defendant Aqueduct is subject to the City Law because it owns and/or operates the Commercial Property. Defendant Aqueduct is a person within the meaning of N.Y.C. Administrative Code § 8-102.

102.    Defendant Aqueduct is violating N.Y.C. Administrative Code § 8-107(4) in refusing to update or remove access barriers to the Commercial Property, causing the Commercial Property to be inaccessible to Plaintiff and persons similarly situated. This inaccessibility denies such patrons full and equal access to the facilities, goods, and services that Defendant Aqueduct makes available to the non-disabled public. Specifically, Defendant Aqueduct is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq*.] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107.

103.    Defendant Aqueduct's actions constitute willful intentional discrimination against Plaintiff on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a)

and § 8-107(15)(a) in that it has failed to remove/correct the existing architectural barriers to the physically disabled when such removal/correction is readily achievable for its facilities at the Commercial Property.

104.    Defendant Aqueduct has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

105.    Defendant Aqueduct discriminates, and will continue in the future to discriminate, against Plaintiff and other similarly situated on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at the Commercial Property under N.Y.C. Administrative Code § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant Aqueduct from continuing to engage in these unlawful practices, Plaintiff and other similarly situated will continue to suffer irreparable harm.

106.    The actions of Defendant Aqueduct were and are in violation of the City Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

107.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

108.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

109.    Pursuant to N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below

**WHEREFORE**, the Plaintiff, JUAN CARLOS GIL, respectfully requests:

a.    the Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. Section 36.302(e); N.Y. Exec. Law § 296, *et seq*., and N.Y.C. Administrative Code § 8-107, *et seq*.;

      b.      injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities at the Commercial Property; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA, New York state law and/or New York City Law; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

      c.      injunctive relief against the Defendants Resorts World and Hyatt including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement;

      d.      an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and/or otherwise;

      e.      such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, New York state law and/or New York City Law; and

      f.      compensatory damages in an amount to be determined, including all applicable statutory damages and fines, to Plaintiff for violations of his civil rights under New York State Human Rights Law and/or the City Law.

Dated: January 8, 2025                 Respectfully Submitted,

By:

JOSEPH M. HORN, ESQ.
ID# JH0123
Law Office of Joseph M. Horn LLC
580 Sylvan Avenue, Suite 1-G
Englewood Cliffs, NJ 07632
Telephone: (201) 884-6000
Fax: (201) 205-1382